**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martice Deshawn Wallace, | No. CV-17-04126-PHX-DJH (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Timothy A Jones, et al., | |
| Defendants. | |

*Pro se* Plaintiff Martice Deshawn Wallace ("Plaintiff") has filed three Motions in Limine (Docs. 178, 182, 183).[1]  Plaintiff seeks to exclude (1) all evidence related to his criminal history and sentencing (Doc. 178); (2) "irrelevant portions of the police body cam video" (Doc. 182); and (3) all information in his medical report that is "not pertinent to his diagnosis and treatment in reference to the injuries he sustained as a result of being attacked by the Defendants on the night in question" (Doc. 183).  Defendants Timothy Jones, Michael Thomas, Keith Wagner, and Scott Alfred (collectively, "Defendants") object to the exclusion of Plaintiff's prior criminal convictions, which they intend to introduce as evidence.  (Doc. 188).  Defendants have also filed two untimely responses to Plaintiff's requests to exclude portions of body camera video (Doc. 192) and his medical records

---

[1] Plaintiff also filed a "Motion in Limine #2 Seeking Designation of Named Defendants as Adverse Witnesses" (Doc. 179), which does not seek to exclude any evidence, but instead asks this Court to "permit Plaintiff to call Defendants as adverse witnesses" and "permit leading questions where necessary to develop the witnesses [sic] testimony." (*Id.* at 2).  No response has been filed.  This motion did not need to be filed as a motion in limine. The Federal Rules of Civil Procedure allow for Plaintiff to call Defendants as witnesses, and where the witnesses are adverse, permits Plaintiff to ask leading questions.  Accordingly, **IT IS ORDERED** this Motion (Doc. 179) is **granted**.

1    (Doc. 191).[2]

2    **I.      LEGAL STANDARD**

3            "Although the Federal Rules of Evidence do not explicitly authorize in limine

4    rulings, the practice has developed pursuant to the district court's inherent authority to

5    manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984).  The Ninth

6    Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes

7    ahead of trial, without first having to present potentially prejudicial evidence in front of a

8    jury." *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted).

9    Generally, motions in limine that seek exclusion of broad and unspecific categories of

10   evidence are disfavored.  *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712

11   (6th Cir. 1975).  Motions in limine are "entirely within the discretion of the Court."  *Jaynes*

12   *Corp. v. American Safety Indem. Co.*, 2014 WL 1154180, at *1 (D. Nev. March 20, 2014)

13   (citing *Luce*, 469 U.S. at 41–42).  Moreover, "[a] motion in limine is not the proper vehicle

14   for seeking a dispositive ruling on a claim, particularly after the deadline for filing such

15   motions has passed."  *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir.

16   2013) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001), *aff'd*, 574

17   U.S. 418 (2015)).

18          Motions in limine are "provisional" in nature.  *Goodman v. Las Vegas Metro. Police*

19   *Dep't*, 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013), *aff'd in part, rev'd in part, and*

20   *dismissed in part on other grounds,* 613 F. App'x 610 (9th Cir. 2015).  The Court issues

21   its rulings on motions in limine based on the record currently before it.  Therefore, rulings

22   on such motions "'are not binding on the trial judge [who] may always change his [or her]

23   mind during the course of a trial.'"  *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758

24   n.3 (2000) (noting that in limine rulings are always subject to change, especially if the

---

25   [2] Contrary to this Court's Order setting the Final Pretrial Conference, Plaintiff makes no
     certification in any of his motions that he conferred with Defendants in an attempt to
26   resolve the evidentiary issues he raises.  (*See* Doc. 174 at 3 "No opposed motion in limine
     will be considered or decided unless moving counsel certifies therein that the movant has
27   in good faith conferred or attempted to confer with the opposing party or counsel in an
     effort to resolve disputed evidentiary issues that are the subject of the motion").  The parties
28   are on notice that future failures to certify that they have met and conferred regarding
     disputed evidence will be grounds for summary denial.

1   evidence unfolds in an unanticipated manner)). "'Denial of a motion in limine does not

2   necessarily mean that all evidence contemplated by the motion will be admitted to trial.

3   Denial merely means that without the context of trial, the court is unable to determine

4   whether the evidence in question should be excluded.'" *Id.* (quoting *Ind. Ins. Co. v. Gen.*

5   *Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

6   ## II.   BACKGROUND

7           On the evening of June 15, 2017, a Phoenix Fire Department ("PFD") fire truck

8   found Plaintiff bleeding from a head wound in a metro light rail train compartment.

9   Defendants, who were the crew of the fire truck, recommended that Plaintiff go to the

10  hospital in the ambulance.  Plaintiff says that although he declined transport and treatment,

11  Defendants dispatched a PFD ambulance to the scene.  Former Defendant Todd Riggs

12  ("Riggs"), a firefighter and paramedic, and former Defendant Daniel Warren ("Warren"),

13  a firefighter and EMT,[3] arrived with the ambulance.  Plaintiff entered the ambulance and

14  sat at a bench in the rear bay of the vehicle.  Plaintiff refused requests from Riggs and

15  Warren to move to the gurney.  Plaintiff contends that when he continued to refuse, Riggs

16  punched him in the head, causing injury to his left eyebrow.  Defendants say Plaintiff

17  became verbally abusive and assaulted Riggs and Warren with trauma shears.  Plaintiff

18  says he was pulled out of the ambulance, and once outside, was pushed and punched by

19  Defendants even though he had released his hold on the shears.[4]  Defendant Phoenix police

20  officers arrived and took Plaintiff into custody.  Plaintiff was subsequently convicted of

21  two counts of aggravated assault on Riggs and Warren by a Maricopa County jury in Case

22  No. CR-2017-127900.

23  _____

    [3] On July 27, 2020, the Court granted summary judgment in favor of Defendants Riggs and

24  Warren and dismissed Plaintiffs' claims against them as barred by *Heck v. Humphrey*, 512
    U.S. 477 (1994) (Doc. 137).   They were subsequently dismissed from this action.

25  Defendants Thomas, Wagner, and Alfred did not seek summary judgment on the claims
    brought against them and informed the Court they wished to proceed to trial.  Defendant

26  Jones did not appear until after the dispositive motion deadline passed, and was provided
    the opportunity to file a motion for summary judgment after the deadline, which he did

27  (Doc. 151).  On March 1, 2021, the Court granted summary judgment to Defendant Jones
    as to Plaintiff's unlawful seizure claim and denied it as to Plaintiff's excessive force claim.

28  (Doc. 167).

    [4] These facts form the basis of Plaintiff's excessive force claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    DISCUSSION

### A.    Exclusion of Criminal History and Sentencing (Doc. 178)

Plaintiff seeks to exclude his three felony convictions from admission at trial. Plaintiff has a 2013 conviction for unlawful delivery of a controlled substance and 2017 and 2018 convictions for aggravated assault, the latter of which arose out of the incident that is the subject of Plaintiff's complaint.  Plaintiff says admission of these convictions would be "irrelevant and unfairly prejudicial." (Doc. 178 at 1).  Specifically, Plaintiff says these felony convictions are "inadmissible character evidence under Rule 404 and 403, and unduly prejudicial under Rules 609(a) and 403."  (*Id.*)  He says his "prior convictions for assault and drug possession say nothing about his honesty.  Such acts stem from causes other than dishonesty, and their probative value is nil." (*Id.*)  In response, Defendants argue that "Plaintiff's credibility will be the central issue during trial." (Doc. 188 at 3).  As such, they argue introduction of the convictions for purposes of impeachment would be proper because they "meet the requirements for admissibility under Rule 609(a)(1)" and are "proper under Rule 403."

Although Rule 609 permits attacking a witness's character for truthfulness through prior felony convictions, it is subject to Federal Rules of Evidence 403 to determine if the probative value is substantially outweighed by its prejudicial effect.  *See* Fed. R. Evid. 403 (allowing the district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").  Petitioner's prior convictions of unlawful delivery of a controlled substance and his 2017 conviction for aggravated battery have little, if anything, to do with Petitioner's tendency to tell the truth. The reason for allowing cross-examination under Federal Rules of Evidence 609(a) is to allow a party to attempt to cast doubt on a witness's reliability for telling the truth.  "Acts involving fraud or deceit clearly raise such doubt, while certain acts, such as murder, assault, or battery normally do not." *Varhol v. Nat'l R.R. Passenger Corp.,* 909 F.2d 1557, 1567 (7th Cir. 1990).  These convictions are unlikely to

- 4 -

1    have any bearing on his truthfulness during testimony or even to show propensity for his
2    character; they do, however, run the risk of substantially prejudicing the jury against
3    Plaintiff.  Evidence of these convictions will be excluded.

4            The Court, however, finds that exclusion of the facts underlying the Plaintiff's 2018
5    conviction would confuse the jury.  As noted, this conviction arose directly out of the
6    events alleged in Plaintiff's Complaint.   Therefore, the facts from which his 2018
7    conviction derive are probative of his excessive force claim and to exclude his testimony
8    as to what occurred just prior to his allegations of being pushed and punched by the
9    remaining Defendants would lead to jury confusion.   The Defendants may therefore
10   introduce the facts that form the basis of the conviction, subject to the Court's limiting
11   instruction.

12           Regarding the conviction itself, there remains a possibility that evidence of the
13   conviction may be properly used to impeach Plaintiff's testimony regarding how events
14   unfolded.  Moreover, the facts underlying the 2018 aggravated assault conviction may also
15   be admissible for other purposes, such as to show Plaintiff's "proof of motive, opportunity,
16   intent, preparation, plan, knowledge, identify, or absence of mistake or accident."  Fed. R.
17   Evid. 404(b)(2).  A ruling on the admissibility of Plaintiff's 2018 conviction for aggravated
18   assault would therefore be premature, and thus is denied at this juncture.

19           Accordingly,

20           **IT IS ORDERED** that Plaintiff's Motion (Doc. 178) is **granted** with regard to his
21   2013 and 2017 convictions; it is **denied** with regard to his 2018 conviction.

22           **B.      Exclusion of "Irrelevant Portions" of Police Body Cam (Doc. 182)**

23           Plaintiff also seeks to admit "only the first 5 minutes of the [body cam] video,"
24   which he says contain "the excited utterances that will be used at trial in this case."
25   (Doc. 182 at 2).  He argues that the rest of the video is "irrelevant and will unduly prejudice
26   the jury."  (*Id.*)  He does not explain why the remainder of the video will unduly prejudice
27   him, and indeed, does not provide a copy of the body camera footage with his Motion, or
28   describe the footage to the Court.  The Court declines to issue a provisional ruling regarding

the admissibility of police body camera footage at this juncture.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 182) is **denied.**

### C.  Exclusion of "All Information in Medical Report Not Pertinent to Plaintiff's Diagnosis and Treatment" (Doc. 183)

Plaintiff makes a similarly broad and unsupported request for the Court to exclude all information that is not relevant to his diagnosis and treatment "in reference to the injuries he sustained as a result of being attacked by the Defendants on the night in question." (Doc. 183 at 1).  Without context or detail, the Court declines to exclude such a potentially broad category of evidence.  (*See also* Doc. 174 at 2 (stating "[e]ach motion in limine shall include proposed language for the order in limine being sought from the Court, and the proposed language shall state *with precision* the evidence that is subject to the proposed order and the limitation or exclusion sought to be placed on the evidence) (emphasis added)).  Plaintiff may raise his objections at trial, when the Court has the benefit of assessing the relevance of the proffered evidence.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 183) is **denied.**

Dated this 28th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge