WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martice Deshawn Wallace,<br><br>Plaintiff,<br><br>v.<br><br>Timothy A Jones, et al.,<br><br>Defendants. | No. CV-17-04126-PHX-DJH<br><br>**ORDER** |

Pending before the Court is *pro se* Plaintiff's Supplemental Motion for Issuance of Subpoenas (Doc. 243).[1] Defendants have filed a Response, which does not object to the Motion.

**I.   Background**

This case arises from an encounter Plaintiff had with several Phoenix Fire Department firefighters on the night of June 15, 2017. Plaintiff alleges that, after accepting and then declining treatment for some injuries, several firefighters used excessive force on him in violation of his constitutional rights. (Doc. 50 at 5). The events that gave rise to this case also gave rise to a separate criminal matter where, on September 25, 2018, Plaintiff was convicted of aggravated assault using a deadly weapon or dangerous instrument on two firefighters who have since been dismissed as Defendants from this matter. (Doc. 167 at 8).

A Jury Trial has been set to determine whether Defendants used excessive force on

---

[1] The Court also notes that Plaintiff, who is currently incarcerated, has been approved to proceed *in forma pauperis* in this matter. (Doc. 7).

Plaintiff. Plaintiff now requests the Court order the U.S. Marshals to serve fifteen witnesses for the Trial. (Doc. 243).

**II.     Legal Standards**

Under General Order 18-19, any self-represented litigant wishing to serve a subpoena must file a motion that (1) is in writing, (2) attaches a copies of the proposed subpoenas, (3) sets forth the name and address of the witnesses to be subpoenaed, and (4) states with particularity the reasons for seeking the testimony.

Plaintiff requests that the U.S. Marshals Service serve the subpoenas. The Federal Rules permit service by the U.S. Marshals in certain circumstances. *See* Fed. R. Civ. P. 4(c)(3) (requiring service of complaint and process by a U.S. Marshal when plaintiff is authorized to proceed *in forma pauperis*); 28 U.S.C. 1915(d); Fed. R. Civ. P. 45(b) advisory committee note to 1991 amendment (noting that U.S. Marshals may still serve subpoenas). Because personal service of the subpoenas is required, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Jackson v. Paramo*, 2018 WL 4537746, at *1 (S.D. Cal. Sept. 21, 2018) (quoting *Alexander v. California Dept. of Corrections*, 2010 WL 5114931, at *3 (E.D. Cal., Dec. 9, 2010)). Courts must also be vigilant to ensure that non-parties are not burdened with excessive or unusual expenses in order to comply with a subpoena. *See Jackson v. Paramo*, 2018 WL 4537746, at *1 (S.D. Cal. Sept. 21, 2018).

Federal Rule of Civil Procedure 45 governs subpoenas. Under the Rule, an individual may only be commanded through a subpoena to attend a trial who is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>    (i)     is a party or a party's officer; or
>    (ii)    is commanded to attend a trial and would not incur substantial expense.

Fed R. Civ. P. 45(c).

/ / /

- 2 -

### III. Discussion

The Court proceeds by discussing each individual or group of individuals whom Plaintiff wishes to serve.

#### a. Defendants & City of Phoenix Employees

Plaintiff represents that Defendants' counsel has agreed to accept service for all Defendants and all City of Phoenix employees. (Doc. 239).[2] These individuals include Defendants Timothy Jones, Scott Alfred, and Keith Wagner, as well as non-parties Todd Riggs, Daniel Warren, Michael Ong, and Nick Calandra. (Doc. 243 at 2–4). As to these individuals, the Court will grant Plaintiff's request. The Court orders the U.S. Marshalls Service to serve Defendant's counsel, who will accept service for the above-mentioned individuals, at 200 W. Washington St., Suite 1300, Phoenix, AZ 85003.

#### b. Tara Ridgeway

Next, Plaintiff requests that the Court order the U.S. Marshalls serve Tara Ridgeway, who Plaintiff represents is a psychologist capable of testifying about Plaintiff's psychology injuries. (Doc. 243 at 4). Plaintiff provides two addresses for Ms. Ridgeway. One address is in Kentucky and the other is in Arizona, at the Arizona Department of Corrections. The Court will grant Plaintiff's request to serve Ms. Ridgeway in Arizona under the assumption that she is still an employee of the Arizona Department of Corrections. However, to the extent that Ms. Ridgeway lives in Kentucky and is no longer employed in Arizona or regularly conducts business here, Rule 45 does not permit service on her. Therefore, the Court will order the U.S. Marshalls Service to attempt to serve Tara Ridgeway at the Arizona Department of Corrections, 1601 W. Jefferson, Phoenix, AZ 85007.

/ / /

---

[2] Defendants state their counsel "will accept service of any issued subpoenas for any named Defendant." (Doc. 245 at 2). However, Defendants do not comment on whether their counsel may accept service on behalf of the non-party City of Phoenix employees. In the event Defendants counsel is not authorized to accept service for these city of Phoenix employees, the Court will Order the U.S. Marshalls to serve Todd Riggs, Daniel Warren, Michael Ong, at 120 S. 12th Street, Phoenix, AZ 85034; and to serve Nick Calandra at 1717 E. Grant St., Suite 100, Phoenix, AZ 85034.

### c. Chris Farmer

Plaintiff requests the U.S. Marshalls serve Chris Farmer with a subpoena. (*Id.*) Plaintiff claims Mr. Farmer is an "investigator who worked on an unrelated case involving an unlawful seizure and use of excessive force" by the Phoenix Fire Department. (*Id.* at 5). Plaintiff argues this testimony will be admissible under Federal Rule of Evidence 406 as evidence of an organization's habit or routine practice. Plaintiff has previously sought to introduce evidence of other unrelated incidents of excessive force by the Phoenix Fire Department, and those requests have been denied. (Docs. 203; 242).

"Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Plaintiff does not allege that Mr. Farmer will be testifying to the particular habits of the individual Defendants in this case. Therefore, Plaintiff fails to show why Mr. Farmer's testimony would be relevant. *See* Fed. R. Evid. 403. Furthermore, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiff is admonished that he may not mention unrelated incidents involving alleged misconduct by the Phoenix Fire Department or its employees in the trial.

Because Plaintiff has not shown how Mr. Farmer's testimony would be admissible, the Court denies Plaintiff's request to order the U.S. Marshalls to serve a subpoena on him.

### d. Armando

Plaintiff requests service upon an individual identified only as "Armando (owner of Armando's Tire Shop)." (Doc. 243 at 5). Plaintiff claims that Armando witnessed the events giving rise to this action. (*Id.*)

It is not clear to the Court that this witness was identified at the final pretrial conference, the Court will deny Plaintiff's request to subpoena this individual without prejudice. *See United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir. 1988) ("The trial judge may exclude evidence not identified in accordance with the pretrial order

when the party seeking to introduce the evidence offers no justification for delay."). The parties' Joint Proposed Final Pretrial Order lists an individual by the name of Armando Garcia as a witness who "may" be called to testify about "Use of Force by P.F.D." (Doc. 210 at 7). This description of Mr. Garcia's testimony differs from other fact witnesses who would be offering a "Version of events." (*Id.* at 6). It seems, therefore, that the Armando Plaintiff now seeks to be subpoenaed is different from Armando Garcia. Therefore, the Court denies Plaintiff's request without prejudice and with leave to refile if Plaintiff can show Armando Garcia is the individual whom he wishes to subpoena.

### e. Attorneys Involved in Plaintiff's Criminal Case

Plaintiff argues that Defendants "intend to use Plaintiff's 2018 conviction to bolster their case and prejudice the Plaintiff. . . ." (Doc. 243 at 6). In order to "level the playing field" Plaintiff seeks to serve subpoenas on several attorneys who are alleged to be involved with Plaintiff's prior criminal conviction. He aims to expose "the means employed by the 'system' to obtain that conviction . . . ." (*Id.*) First, Plaintiff seeks to subpoena Jana Sorensen, the prosecutor in the prior criminal case, so to "elicit testimony regarding the means employed to obtain the indictment against him and thereby test the 'system' starting from the top." (Doc. 243 at 6). He also seeks to subpoena Burgess McCowan, Kyle Green, and Amy Bain, who the Court infers to be former counsel for Plaintiff. (*Id.* at 7–8). Plaintiff seeks their testimony to demonstrate ineffective assistance of counsel. (*Id.*)

The testimony Plaintiff seeks to admit from these individuals is not relevant. Both the means by which the prosecutor obtained the criminal conviction and the performance of Plaintiff's former counsel in the prior criminal matter are not facts of consequence in determining whether Defendants used excessive force against Plaintiff. *See* Fed. R. Evid. 401.

As to the introduction of the 2018 conviction into evidence, the Court has yet to rule whether such evidence is indeed admissible. As the Court has previously stated, "evidence of the conviction may be properly used to impeach Plaintiff's testimony regarding how events unfolded. Moreover, the facts underlying the 2018 aggravated assault conviction

may also be admissible for other purposes, such as to show Plaintiff's 'proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident.'" (Doc. 197 at 5) (quoting Fed. R. Evid. 404(b)(2)). If, at trial, Plaintiff believes evidence is unduly prejudicial, he may move to exclude it pursuant to Federal Rule of Evidence 403.

### f. Charles Morin

Finally, Plaintiff seeks to subpoena Charles Morin, "a Phoenix Police commander with the Professional Standards Bureau." (Doc. 243 at 9). Plaintiff seeks Mr. Morin's testimony in regards "to the acts and omissions of the arresting officers . . . ." (*Id.*) Again, this testimony is not relevant to the question of whether Defendants, who are Phoenix firefighters, used excessive force, and it will not be permitted at trial. *See* Fed. R. Evid. 401. Therefore, Plaintiff's request to subpoena Mr. Morin is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Issuance of Subpoenas (Doc. 243) is **granted** in part and **denied** in part.

**IT IS FURTHER ORDERED** that the U.S. Marshalls Service shall attempt to serve the following individuals with the corresponding subpoenas attached to Plaintiff's Motion (Doc. 243).

- Timothy Jones: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003
- Scott Alfred: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003
- Keith Wagner: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003
- Todd Riggs: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003
- Daniel Warren: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003, or, alternatively, 120 S. 12th Street, Phoenix, AZ 85034
- Michael Ong: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003 or, alternatively, 120 S. 12th Street, Phoenix, AZ 85034
- Nick Calandra: 200 W. Washington St., Suite 1300, Phoenix, AZ 85003 or, alternatively, 1717 E. Grant St., Suite 100, Phoenix, AZ 85034

- Tara Ridgeway: 1601 W. Jefferson, Phoenix, AZ 85007

**IT IS FINALLY ORDERED** that Plaintiff's remaining requests are denied, as stated herein.

Dated this 25th day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge